NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――――――

**PUBLIC PATENT FOUNDATION, INC.,**
*Plaintiff-Appellant,*

**v.**

**MCNEIL-PPC, INC.,**
*Defendant-Appellee,*

**v.**

**UNITED STATES,**
*Intervenor-Appellee.*

―――――――――――――

2012-1274

―――――――――――――

Appeal from the United States District Court for the Southern District of New York in No. 09-CV-5471, Judge Katherine B. Forrest.

―――――――――――――

**ON MOTION**

―――――――――――――

Before LOURIE, BRYSON, and MOORE, *Circuit Judges.*

LOURIE, *Circuit Judge.*

**O R D E R**

Public Patent Foundation, Inc. (PubPat) moves for summary affirmance. McNeil-PPC, Inc. (McNeil) responds.

PubPat brought suit in June 2009 against McNeil for falsely marking and advertising certain products. In September 2011, Congress enacted the Leahy-Smith America Invents Act (AIA), which, among other changes, eliminated standing in false marking cases for third parties that have not suffered a competitive injury as a result of the false marking. The change was applied retroactively to pending false marking cases. As a result of the changes enacted by the AIA, the district court held that PubPat no longer had standing to pursue this case and dismissed the action.

PubPat argues that this court's decision in *Brooks v. Dunlop Manufacturing Inc.*, 702 F.3d 624 (Fed. Cir. 2012), requires summary affirmance of the district court's judgment. McNeil agrees that *Brooks* requires affirmance of the district court's judgment, but raises concerns about PubPat's previous arguments that this case is distinguishable from cases such as *Brooks* because of the timing of filing.

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). We find that summary affirmance is appropriate here.

In *Brooks*, this court held that Congress's retroactive application of the false marking provision of the AIA does not violate the Due Process Clause or the Intellectual Property Clause of the Constitution. *Brooks*, 702 F.3d at 625-26. This court has also held that the AIA's change to the false marking provision "appl[ies] to all cases, without

3        PUBLIC PATENT FOUNDATION, INC. v. MCNEIL-PPC, INC.

exception, that are pending on, or commenced on or after, the date of the enactment" of the AIA. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1373 (Fed. Cir. 2013) (quoting AIA, Pub. L. No. 112-29, §16(b)(4), 125 Stat. 284, 329 (2011)).

Accordingly,

IT IS ORDERED THAT:

(1) The district court's judgment is summarily affirmed.

(2) Each side shall bear its own costs.

(3) All other pending motions are moot.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk


s24